IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LESTER TOLLIVER, )<br>)<br>Petitioner, )<br>)<br>) | No. 2:20-cv-02556-TLP-tmp |
| v. )<br>) | |
| STATE OF TENNESSEE, AMY WEIRICH, )<br>and SHERIFF FLOYD BONNER, JR., )<br>) | |
| Respondents. ) | |

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING
§ 2241 PETITION WITHOUT PREJUDICE, DENYING A CERTIFICATE OF
APPEALABILITY, CERTIFYING THAT AN APPEAL WOULD
NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE
TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Lester Tolliver[1] petitioned pro se for a writ of habeas corpus under § 2241 ("§ 2241 Petition"). (ECF No. 1.) Respondent Floyd Bonner moved to dismiss the petition for failure to exhaust state remedies. (ECF No. 12.) Petitioner has not responded, and the time to do so has ended. For the reasons below, the Court **GRANTS** Respondent's motion to dismiss and **DISMISSES WITHOUT PREJUDICE** the § 2241 Petition.

**BACKGROUND**

**I.      The Habeas Petition**

Petitioner moves for immediate release from custody because of the coronavirus. (*See* ECF No. 1 at PageID 1.) He claims that he has been in jail for more than two years and that a

---

[1] Petitioner is a pretrial detainee at the Shelby County Criminal Justice Complex ("Jail") in Memphis, Tennessee. His booking number is 15120243.

jury has not convicted him yet. (*Id.*) His case is still pending. He asks that the Court direct the state trial court to "comply with the law which guarantees that you are innocent until proven guilty." (*Id.*)

Petitioner also argues that the state cannot punish pretrial detainees. (*Id.* at PageID 2.) He claims that his pretrial detention during the coronavirus violates his Eighth Amendment right to be free of cruel and unusual punishment. (*Id.*) Petitioner explains that many inmates have tested positive for the coronavirus, and that his life is in danger. (*Id.*) And he claims that he has experienced these symptoms: delirium, confusion, hallucination, agitation, loss of awareness, and loss of smell. (*Id.*) He further alleges that the coronavirus affects a person's heart rate and blood pressure and can cause distress the kidneys and lungs. (*Id.*) What is more, Petitioner argues that "this may constitute attempted murder of innocent people who [are] being held on accusations only." (*Id.*)

## II.     The Motion to Dismiss

Respondent moves to dismiss the petition. (ECF No. 12.) He explains that three state court indictments charge Petitioner with separate counts of aggravated rape. (*Id.* at PageID 30; *see* ECF No. 12-1 at PageID 35–37, 42–44, 49–51.)[2] Respondent argues that Petitioner moved to dismiss all three of the state criminal cases, making "nearly identical" arguments that the time that passed between the date of the alleged crime and the date of the indictment prejudiced him. (ECF No. 12 at PageID 31.) Petitioner, however, has not moved for speedy trial in his state cases and has also failed to exhaust the arguments in his motions to dismiss. (*Id.*) As a result,

---

[2] *See* Shelby County Criminal Justice Portal, Nos. 15-03064, 15-03065, and 15-03066, https://cjs.shelbycountytn.gov/CJS/ (last accessed Dec. 8, 2020).

Respondent argues that this Court lacks jurisdiction over this matter, and that it should dismiss the petition for failure to exhaust available state remedies. (*Id.*)

Under Rule 4 of the Rules Governing Section 2254 Cases (which also applies to habeas actions like this one under § 2241), a district court should dismiss a habeas petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, at 3 (2019). Respondent argues that, here, Petitioner has no right to relief because he has not exhausted his state court remedies. (*Id.* at PageID 31–32.) And he argues that the "federal courts 'should abstain from the exercise of jurisdiction if the petition can be resolved by trial on the merits in the state court or other available state court procedures available to the petitioner.'" (*Id.* at PageID 32) (quoting *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981)). He further claims that the "Criminal Courts of Shelby County, Tennessee are now working diligently on a plan to safely resume jury trials." (*Id.* at PageID 33.) As a result, Respondent argues that this Court should dismiss the petition. (*Id.*)

## ANALYSIS

Under 28 U.S.C. § 2241, federal courts may issue a writ of habeas corpus for a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States[.]" § 2241(c)(3). But a federal court may only issue a writ of habeas corpus in a pending state criminal prosecution in extraordinary circumstances. *See, e.g.*, *Younger v. Harris*, 401 U.S. 37, 46 (1971) (deciding not to enjoin pending state prosecution); *Fenner v. Boykin*, 271 U.S. 240, 243 (1926); *Foster v. Kassulke*, 898 F.3d 1144, 1146–47 (6th Cir. 1990); *Ballard v. Stanton*, 833 F.2d 593, 594 (6th Cir. 1987); *Zalman v. Armstrong*, 802 F.2d 199, 201 (6th Cir. 1986). In fact,

3

"'[e]xtraordinary circumstances' [must] render the state court incapable of fairly and fully adjudicating the federal issues before it[.]" *Kugler v. Helfant*, 421 U.S. 117, 124 (1975).

In the Sixth Circuit, a state prisoner's attempt to seek a speedy trial is an "extraordinary circumstance" under § 2241. *Atkins*, 644 F.2d at 546; *see Kanerva v. Zyburt*, No. 2:19-CV-225, 2019 WL 6974736, at *2 (W.D. Mich. Dec. 20, 2019). Even so, a federal court should not exercise jurisdiction over a speedy trial claim unless the prisoner has first exhausted the claim in state court. *Atkins*, 644 F.2d at 546–48; *Kanerva*, 2019 WL 6974736, at *2–3; *Anglin v. Breckinridge Circuit Court*, No. 3:11CV-P220-H, 2011 WL 1750787, at *1 (W.D. Ky. May 6, 2011). The petitioner must "fairly present"[3] each claim at all levels of state court review, up to the state's highest court on discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). A petitioner need not seek review by the highest state court, however, if the state has explicitly decided that state supreme court review is not an available state remedy. *O'Sullivan v. Boerckel*, 526 U.S. 838, 847–48 (1999).

The petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). And although a federal court can consider a pretrial detainee's claim that the state is violating his post-indictment right to a speedy trial, the only relief that a federal court may give is an order forcing the state to bring him to trial. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489–90 (1973) (Petitioner's habeas claim for a speedy trial did not "seek at this time to litigate a federal defense to a criminal charge, but only to demand enforcement of the Commonwealth's affirmative constitutional obligation to bring him promptly to trial"); *Atkins*,

---

[3] For a petitioner to exhaust a claim, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) (internal citation omitted). Nor is it enough to "make a general appeal" to a broad constitutional guarantee. *Gray v. Netherland*, 518 U.S. 152, 163 (1996).

4

644 F.2d at 547–48; *see Smith v. Burt*, No. 19-1488, 2019 WL 5608064, at *2 (6th Cir. Oct. 28, 2019) ("the district court properly denied relief to the extent that [petitioner] sought to dismiss the state charges outright").

It is not clear that Petitioner here seeks a speedy trial. Instead, he requests immediate release because of the coronavirus. (*See* ECF No. 1 at PageID 1.) And he has shown no extraordinary circumstances that would allow this Court to address the § 2241 Petition. What is more, Petitioner has not exhausted his available state court remedies, such as moving for speedy trial in his pending state court cases. For these reasons, the Court will not exercise jurisdiction over the petition. The Court therefore **DISMISSES** the § 2241 Petition without prejudice.

## APPEALLATE ISSUES

Under 28 U.S.C. § 2253, district courts must consider the appealability of its decision denying a habeas petition and whether to issue a certificate of appealability ("COA"). And, in the Sixth Circuit, a court must issue a COA before considering a state prisoner's habeas appeal, "whether seeking pretrial relief under § 2241 or post-conviction relief under § 2254." *See Winburn v. Nagy*, 956 F.3d 909, 912 (6th Cir. 2020).

A court may issue a COA only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must reflect the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2)–(3). A petitioner makes a "substantial showing" when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (holding a prisoner must show that "reasonable jurists could disagree with the

district court's resolution of his constitutional claims or that the issues presented warrant encouragement to proceed further" (quoting *Banks v. Dretke*, 540 U.S. 668, 674 (2004))).

Nor does the petitioner have to show that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011) (same). But courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (quoting *Miller-El*, 537 U.S. at 337).

Here, Petitioner has not exhausted his claims. Because any appeal by Petitioner on the issues raised in his § 2241 Petition does not deserve attention, the Court **DENIES** a certificate of appealability

Under the Federal Rules of Appellate Procedure, a party seeking leave to appeal in forma pauperis must first move to do so in the district court. Fed. R. App. P. 24(a)(1). That said, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must instead move to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5).

For the same reasons the Court denies a COA, the Court **CERTIFIES** under Fed. R. App. P. 24(a) that any appeal here would not be taken in good faith. Thus, the Court **DENIES** leave to appeal in forma pauperis.[4]

**SO ORDERED**, this 14th day of January, 2021.

         s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

[4] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or move to proceed in forma pauperis and supporting affidavit in the Sixth Circuit within thirty days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).